**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JANE DOE : | |
| : | Civil No. 3:02-CV 1649 (GLG) |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| THE NORWICH ROMAN CATHOLIC : | |
| DIOCESAN CORPORATION, : | |
| ST. COLUMBA CHURCH and : | |
| PATRICK J. SULLIVAN : | |
| : | |
| Defendants : | OCTOBER 30, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**I.     BACKGROUND**

On June 26, 2003, the court granted the defendant's Motion to Dismiss Count Seven and Count Ten without prejudice to the plaintiff's filing an amended complaint. (See Judge Goettel's ruling dated June 26, 2003). The plaintiff subsequently filed a Second Amended Complaint on July 31, 2003 in response to this ruling.  It should be noted that the plaintiff had already filed a Second Amended Complaint on February 26, 2003 and the latest amended complaint filed on July 31, 2003 is actually a third amended complaint.

The defendant, St. Columba Church, now files this Motion to Dismiss Counts Seven and Ten on that basis that the most recent amended complaint still fails to state claims upon which relief can be granted in these counts.

## II. INTRODUCTION

This is a case in which the plaintiff alleges that she was sexually abused as a teenager by a priest assigned to St. Columba Church and the Diocese of Norwich. She seeks to impose liability on the diocese and church, alleging vicarious liability based on *respondeat superior* (Seventh Count), negligence (Eighth Count), negligent infliction of emotional distress (Ninth Count) and breach of fiduciary duty (Tenth Count). The defendant church moves to dismiss the Seventh Count in its entirety as, on the facts alleged, *respondeat superior* does not lie as a matter of law. The defendant also moves to dismiss the Tenth Count in its entirety for the reason that it fails to state a claim upon which relief can be granted in that it does not sufficiently allege the existence of a fiduciary relationship.

## III. ARGUMENT

### A. The Motion to Dismiss Under F.R.C.P. §12b(6).

In ruling on a motion to dismiss that attacks the sufficiency of the complaint, the court's consideration is limited to the face of the complaint and it is required to accept as true the factual allegations made. *Polied Environmental Services v. Incor Group*, 2002 U.S. Dist. LEXIS 25054 at *1. (2002, D. Conn.) (Goettel, J.). Connecticut law applies.

### B. The Seventh Count Should be Dismissed As the Conduct Alleged is Not Within the Scope of Employment as a Matter of Law

In the Seventh Count, the plaintiff seeks to impose vicarious liability on the church defendant for the alleged misdeeds of Patrick Sullivan by alleging that Sullivan was acting

2

within the scope of his duties as a priest for the defendants and in furtherance of their business purpose. Second Amended Complaint, Seventh Count, para. 22. This count cannot stand for the simple reason that the acts attributed to Sullivan, that is, "sexually abusive conduct," could not, as a matter of law, have been within the scope of his employment as a priest and in futherance of his employer's business.

The Connecticut Supreme Court has clearly explained the circumstances under which an employer can be held liable for the torts of its employees:

> A servant acts within the scope of employment while engaged in the service of the master, and it is not synonymous with the phrase during the period covered by his employment. . . . While a servant may be acting within the scope of his employment when his conduct is negligent, disobedient and unfaithful . . . that does not end the inquiry. Rather, the vital inquiry in this type of case is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business. . . . Unless [the employee] was actuated at least in part by a purpose to serve a principal, the principal is not liable.

(Citations and internal quotation marks omitted.) *A-G Foods, Inc. v. Pepperidge Farms, Inc.*, 216 Conn. 200, 209-10 (1990). While the question of whether a servant was acting within the scope of his employment is usually one of fact, there are situations in which the acts of the servant are so clearly without the scope of his authority that the question is one of law. *Brown v. Housing Authority of City of New Haven*, 23 Conn. App. 624, 628 (1990). In this situation, there are no facts which are or can be alleged which, if proven, would allow a trier of fact to conclude that Patrick Sullivan, in engaging in the alleged conduct, was actuated by a purpose to

serve the diocese or the defendant church.

> [T]he laws and standards of the Roman Catholic Church expressly prohibit priests from engaging in any sexual activity of any kind.  Thus, even if [a priest] engaged in sexually abusive conduct, he did so only after abandoning the church's tenets and his personal commitment to celibacy.  Sexually abusive conduct amounts to the abandonment of the Church's business.  As a matter of law, therefore, the alleged sexual abuse, even if true, cannot be said to further the defendants' business and, therefore, is outside of the scope of employment.

*Nutt v. Norwich Roman Catholic Diocese* (Covello, J.), 921 F. Supp. 66, 71 (D. Conn. 1995).

Several Connecticut superior court judges have granted motions to strike when the factual allegations of the complaint do not support the conclusory claim that an employee was acting within the scope of his employment when engaged in abusive sexual misconduct.  For instance, in *Maule v. Sullivan*, 1993 Conn. Super. LEXIS (1993, Wagner, J.), the complaint alleged sexual assault against a patient by a nurse.  In striking a count against the hospital, Judge Wagner stated:

> It is manifest that the alleged actions of Sullivan, a nurse, were so clearly outside the scope of his employment and not in furtherance of any interest of the hospital that the allegations seeking to hold the hospital are insufficient as a matter of law.

*Maule*.  Judge Sferrazza issued a similar ruling recently in *Dumais v. Hartford Roman Catholic Diocese*, 2002 Conn. Super. LEXIS 2682, striking the vicarious liability count because the plaintiff made no claim that the sexual abuse "was done in any way to advance or further the business of the church or archdiocese . . . ."  *See also* *Doe v. Hartford Roman Catholic Diocesan Corp.*, 45 Conn. Supp. 388 (1998, Fracasse, J.) (the facts alleged, even if proven, are insufficient to constitute actions within the scope of a priest's employment or in furtherance of the church's business); *Reed v. Zizka*, 1998 Conn. Super. LEXIS 1522 (1998, Aurigemma, J.),

*Reynolds v. Zizka*, 1998 Conn. Super. LEXIS 619 (1998, Aurigemma, J.). There are two cases involving teachers engaged in sexual misconduct with students. In both cases, counts claiming vicarious liability on the theory of respondeat superior were stricken because this type of activity does not further the employer's business but constitutes an abandonment of the employer's interests. *Coupe v. East Hartford Bd. of Educ.*, 1998 Conn. Super. LEXIS (1998, Aurigemma, J.); *Martin v. Plude*, 1994 Conn. Super. LEXIS 759 (1994, Maiocco, J.).

In the most recent amended complaint, the plaintiff attempts to allege that Sullivan was furthering the business purpose of the church at the time of his alleged misdeeds "in that his actions were committed at least in part in an attempt to bring the Plaintiff closer to the church and her religious faith, thus benefiting the defendant" and that by doing this the defendant benefited "in matters of financial donations by the plaintiff and/or her family". Second Amended Complaint, Seventh Count, para. 22(c) and (d).

The most recent amended complaint still fails to state a claim upon which relief can be granted. Count Seven cannot stand for the simple reason that the acts attributed to Sullivan, that is, "sexually abusive conduct," could not, as a matter of law, have been within the scope of his employment as a priest and in furtherance of his employer's business. As a Roman Catholic priest, Sullivan would have abandoned the business of the church by engaging in sexual conduct with the plaintiff, which is expressly forbidden, so as a matter of law it could not be shown that his actions were in furtherance of church business. *See Nutt v. Norwich Roman Catholic Diocese*, 921 F. Supp. 66, 71 (D. Conn. 1995). Sexually abusive conduct amounts to the abandonment of the Church's business. The plaintiff has failed to allege that the sexually

abusive conduct furthered the church's business. Rather, the plaintiff has alleged that the Sullivan's counseling of the plaintiff furthered the church's business. Once Sullivan engaged in the sexually abusive conduct, he was no longer engaging in the church's business and therefore, could not be furthering the church's business through sexual abuse.

For the foregoing reasons, the Seventh Count should be dismissed for failure to state a claim upon which relief can be granted.

### C. The Tenth Count Should be Dismissed

#### 1. The Tenth Count Should be Dismissed in its Entirety.

In the Tenth Count of the most recent Amended Complaint, the plaintiff alleges breach of fiduciary duty. Under Connecticut law, a fiduciary relationship is "characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." ***Dunham v. Dunham***, 528 A.2d 1123, 1133 (Conn. 1987). The leading case on the issue of a fiduciary duty of a church in the context of clergy sexual misconduct is ***Martinelli v. Bridgeport Roman Catholic Diocesan Corporation***, 196 F.3d 409 (2d. Cir. 1999). In *Martinelli*, the court found that the jury could reasonably have found the existence of a fiduciary relationship "based on the particulars of [the plaintiff's] ties to [the perpetrator priest] and the Diocese's knowledge and sponsorship of that relationship. . . ." 196 F.3d at 429. In so holding, the court identified factors having to do with special activities the plaintiff engaged in and the particularly close relationship the diocese **knew** the priest had with a group of boys.

In the case at hand, unlike *Martinelli*, the plaintiff has failed to sufficiently allege that

such a particularly close relationship existed and that the church **knew** that such a relationship existed. The plaintiff has alleged that she was a member of the church choir and a member of the Catholic Youth Organization ("CYO") at St. Columba Church. Second Amended Complaint, Tenth Count, para. 10-14. The plaintiff goes on to allege that "[t]he church choir and CYO classes were the only church groups available to the plaintiff for participation and, thus, the plaintiff participated in every program available to her at the church." Second Amended Complaint, Tenth Count, para. 15. The plaintiff, however, has failed to allege the existence of such a particularly close relationship as in Martinelli. The fact that the plaintiff was a **member** of the church choir and a **member** of the CYO does not distinguish her from any of the other members of these groups and does not allege that the plaintiff was connected to the defendants demonstrating a **unique** degree of trust and confidence. In addition, the plaintiff has alleged that St. Columba Church encouraged Sullivan to "counsel spiritually the members of the church, including the youth, and encouraged Sullivan to interact closely with the families who were members of the church". Second Amended Complaint, Tenth Count, para. 18. Such a broad allegation fails to allege that the defendant church knew of or encouraged a particularly close relationship **specifically** with the plaintiff. This allegation simply illustrates that the church encouraged such relationships with all parishioners. The Church as an entity is not in a fiduciary relationship with all of its members simply by virtue of their status as parishioners. Furthermore, the case at hand is distinguishable from *Moses v. Diocese of Colo.*, 863 P.2d 310, 323 (Colo. 1993) (cited by Judge Goettel in the June 26, 2003 ruling in this case). In *Moses*, the diocese assumed a fiduciary duty when it acted to resolve problems stemming from a sexual

relationship between a priest and parishioner. In the case at hand, there are no such allegations.

Fiduciary relationships between a church and parishioner have only been found in unique circumstances. ***Martinelli v. Bridgeport Roman Catholic Diocesan Corporation***, 196 F.3d 409 (2d. Cir. 1999). In the case at hand the plaintiff has failed to allege such unique circumstances that give rise to a fiduciary relationship. Therefore, the Tenth Count fails to state a claim upon which relief can be granted and it should be dismissed in its entirety.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Dismiss Counts Seven and Ten should be granted.

**DEFENDANT, St. Columba Church**

**BY**_____
      **Lorinda S. Coon**
      Cooney, Scully and Dowling
      Hartford Square North
      Ten Columbus Boulevard
      Hartford, Connecticut 06106
      (860) 527-1141
      Fed Bar # ct 06433

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on October 30, 2003 to:

Hubert J. Santos, Esq.
Santos & Seeley, P.C.
51 Russ Street
Hartford, CT 06106

Michael E. Driscoll, Esq.
Brown Jacobson, P.C.
22 Courthouse Square
P. O. Box 391
Norwich, CT 06360

Daniel M. McCabe, Esq.
McCabe & Petrucci, LLC
1200 Summer Street
Stamford, CT 06905

George Royster, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

**Lorinda S. Coon**